UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AUNTERRIO CHERRY,

    Plaintiff,

v.                                          CASE NO: 8:10-cv-667-T-26TBM

CITY OF ST. PETERSBURG d/b/a
ST. PETERSBURG POLICE DEPARTMENT,
and ST. PETERSBURG POLICE OFFICER
JOSHUA A. HANES, in his individual capacity,

    Defendants.
_____/

**O R D E R**

    Before the Court is Defendants' Motion for Summary Judgment and Statement of Undisputed Facts (Dkts. 28 & 29), and Plaintiff's Response in Opposition, Statement of Disputed Facts, and depositions filed in opposition. (Dkts. 37, 38, 39 & 40). After careful consideration of the file and the applicable law, the Court concludes that summary judgment should be denied.

**BACKGROUND**

    Plaintiff Aunterrio Cherry sues Officer Joshua Hanes with the St. Petersburg Police Department in his individual capacity for violations of his civil rights pursuant to 42 U.S.C. § 1983 for events that occurred on May 23, 2006. Mr. Cherry seeks relief based on the conduct of his arrest, specifically that Officer Hanes used excessive force in

contravention of the Fourth Amendment. The following events transpired when Defendant Hanes attempted to serve Mr. Cherry a warrant for a misdemeanor charge, the failure to appear for possession of marijuana.

### Officer Hanes' Presentation of the Facts

According to Officer Hanes, while he was patrolling, he noticed a parked car at a gas station. When he ran the plates on his computer, he learned that its owner had an outstanding arrest warrant for failure to appear on a possession of marijuana charge. Officer Hanes remained in his patrol car awaiting the return of the owner. The person who entered the parked car fit the description of the registered owner. At that time, he engaged his overhead lights, exited his patrol car, and approached Plaintiff, the registered owner of the car.

Plaintiff identified himself in response to Officer Hanes' questions. Plaintiff turned off his car and complied with Officer Hanes' request to exit his car. Rather than walk to the rear of the car as Officer Hanes requested, however, Plaintiff walked toward Officer Hanes. After telling Plaintiff several times to stop, Officer Hanes drew his taser and warned Plaintiff that he would tase him if he did not stop. Plaintiff then lunged at Officer Hanes and grabbed his forearms, stating, "Wait, wait, wait." Officer Hanes pulled his arms back and fired his taser at a distance of one foot. One probe hit Plaintiff in the chest, and the other lodged in his chin. The taser discharged one five-second cycle. Plaintiff remained immobilized.

Plaintiff's Presentation of the Facts

Plaintiff testified at his deposition that he complied with Officer Hanes' request to exit and walk to the back of Plaintiff's car. Plaintiff held his hands up in the air, signaling that he was giving up, while Officer Hanes pointed a taser at him. Plaintiff pleaded with Officer Hanes to wait. Contrary to Officer Hanes' version of the incident, Plaintiff did not move toward Officer Hanes. While Plaintiff was standing still, Officer Hanes shot him with the taser hitting him in the chest and chin from a distance of one to three feet. Plaintiff never lunged or advanced toward Officer Hanes and never placed his hands on the officer's forearms.

## STANDARD FOR SUMMARY JUDGMENT

In deciding a motion for summary judgment based on qualified immunity, this Court must resolve all issues of material fact in favor of the plaintiff. See Lee v. Ferraro, 284 F.3d 1188, 1190 (11th Cir. 2002).[1] The facts are viewed in the light most favorable to the plaintiff because the legal issue of qualified immunity on summary judgment is "not which facts the parties might be able to prove, but, rather, whether or not certain given facts showed a violation of clearly established law." Id. (quoting Sheth v. Webster, 145 F.3d 1231, 1236 (11th Cir. 1998)). Although the "facts, as accepted at the summary judgment stage of the proceedings, may not be the actual facts of the case[,]" for

---

[1] See also Oliver v. Fiorino, 586 F.3d 898, 901 (11th Cir. 2009) (citing Lee); McCullough v. Antolini, 559 F.3d 1201, 1202 (11th Cir. 2009) (citing Lee).

summary judgment purposes, all reasonable inferences from the facts are to be drawn in favor of the plaintiff. Lee, 284 F.3d at 1190 (quoting Priester v. City of Riviera Beach, 208 F.3d 919, 925 n. 3 (11th Cir. 2000)). "Summary judgment is appropriate if 'the evidence before the court shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" McCullough v. Antolini, 559 F.3d 1201, 1204 (11th Cir. 2009).

## EXCESSIVE FORCE

Defendants argue that Officer Hanes is entitled to qualified immunity for his conduct in the tasing of Plaintiff during his arrest. Based on the following analysis, the Court finds that he is not.

### Qualified Immunity

Public officials, such as police officers, acting in the course and scope of their employment are shielded from suit against them in their individual capacities if while performing discretionary acts, they commit torts and any such torts do not violate a clearly established statutory or constitutional right. Lee, 284 F.3d at 1193-94 (citing Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982)). Qualified immunity offers complete protection for "all but the plainly incompetent or one who is knowingly violating the federal law." Oliver v. Fiorino, 586 F.3d 898, 904 (11th Cir. 2009) (quoting Lee, 284 F.3d at 1194). The initial burden rests with the officer to establish that he was acting within the scope of his discretionary authority. Oliver, 586

F.3d at 905 (citing McCullough, 559 F.3d at 1205). If the officer was acting within the scope of discretionary authority, then the burden shifts to the plaintiff to show the grant of qualified immunity is unmerited. Oliver, 586 F.3d at 905 (citing McCullough, 559 F.3d at 1205.

There is no dispute that Officer Hanes was acting within his discretionary authority while patrolling his beat and checking the plates on the Plaintiff's car which was parked at a gas station. Therefore, the Plaintiff must now show that a constitutional right was violated and that the illegality of the officer's actions was "clearly established" at the time of the incident. Oliver, 586 F.3d at 905 (citing Pearson v. Callahan, 555 U.S. 223, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009)). The question need not be answered in a particular order;[2] thus, this Court first addresses whether a constitutional violation exists.

### Existence of Constitutional Violation

The use of excessive or unreasonable force in making an arrest constitutes a violation of the Fourth Amendment. See Davis v. Williams, 451 F.3d 759, 767 (11th Cir. 2006). Excessive and unreasonable force is determined by an objective test. Priester, 208 F.3d at 924. "Whether the amount of force used was reasonable is determined objectively 'from the perspective of a reasonable officer on the scene, rather than with 20/20 vision of hindsight' and requires 'careful attention to the facts and circumstances of each particular case.'" Id. (quoting Graham v. Connor, 490 U.S. 386, 109 S.Ct. 1865, 1872

---

[2] Pearson, 129 S.Ct. at 818.

(1989)). The factors to be analyzed include (1) "the severity of the crime at issue," (2) "whether the suspect poses an immediate threat to the safety of the officers or others," and (3) "whether he is actively resisting arrest or attempting to evade arrest by flight." Priester, 208 F.3d at 924. The totality of the circumstances are considered "to determine whether the manner of arrest was reasonable." Draper v. Reynolds, 369 F.3d 1270, 1277 (11th Cir. 2004). "[I]n determining if force was reasonable, courts must examine (1) the need for the application of force, (2) the relationship between the need and amount of force used, and (3) the extent of the injury inflicted." Id. at 1277-78 (quoting Lee, 284 F.3d at 1198). The force exerted by the officer must be "reasonably proportionate to the need for that force" which is measured by the three factors set forth in Priester. Lee, 284 F.3d at 1198.

Employing the Plaintiff's version of the facts, the amount of force used by Officer Hanes was patently excessive. At the outset, it is significant that the crime for which the arrest warrant had issued was failure to appear for possession of marijuana, a misdemeanor. Such a crime is not considered severe for purposes of an excessive force analysis. Addressing the incident at the gas station, the Plaintiff complied with Officer Hanes' requests to turn off his car, exit, and walk to the back of his car. The Plaintiff was not advancing toward Officer Hanes, nor behaving in an aggressive manner. He simply asked the officer to wait, while holding his hands in the air in a position of surrender,

hoping the officer would not shoot him with the taser.  Plaintiff was neither posing a threat to the officer nor resisting or attempting to evade arrest.

The discharge of the taser at a distance of one foot, which is the distance verified by the officer, was disproportionate to the nonaggressive, nonthreatening posture of the Plaintiff.  That one of the prongs lodged within his facial bones, unable to be removed by medical staff, substantiates the magnitude of the force used at such a short distance.  Considering the totality of the circumstances in this case, the Court finds that the force was excessive under the Plaintiff's account of the incident.

## Clearly Established

Having found that the facts taken in the light most favorable to the Plaintiff constitute a constitutional violation, the Court will now address whether the right was clearly established.  The question to be asked is whether it would be "'sufficiently clear that a reasonable officer would understand that what he is doing violates that right.'" Oliver, 586 F.3d at 907 (citing Wilson v. Layne, 526 U.S. 603, 615, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999)).  The precedent of the Supreme Court of the United States, the Eleventh Circuit, and the Florida Supreme Court is considered.  See McClish v. Nugent, 483 F.3d 1231, 1237 (11th Cir. 2007).  Generally if a bright line test is not delineated, qualified immunity protects the defendant.  There are, however, instances in which the conduct of the official is "so obviously" clear that it falls within the prohibitions of the Fourth Amendment.

While the Court has not found, nor the parties presented, a case on all fours, the conduct in this case is similar to that in which an officer has repeatedly tased an individual from a distance. For example, in <u>Oliver</u>, the plaintiff was repeatedly shocked by a taser at least eight times over a two-minute period with each shock lasting five seconds. The conduct in this case is similar to the extent the Plaintiff here, as in <u>Oliver</u>, was not advancing toward the officer. Both the officer here and in <u>Oliver</u> appeared to tase the plaintiffs without warning and without justification. The Plaintiff in this case, while tased only once, was not accused of a serious crime, nor was he posing a danger to the officer or others. The force applied by Officer Hanes was disproportionate to the actions of the Plaintiff. Accordingly, qualified immunity is denied.[3]

It is therefore **ORDERED AND ADJUDGED** that Defendants' Motion for Summary Judgment (Dkt. 28) is **DENIED.**

**DONE AND ORDERED** at Tampa, Florida, on April 25, 2011.

    s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>COPIES FURNISHED TO</u>:
Counsel of Record

---

[3] With respect to the remaining counts of the complaint encompassing state law torts, counts III, IV, V, and VI, the motion for summary judgment is denied. All counts involve genuine issues of disputed material facts.